CLEVA WEYRAUCH, Respondent, v. GEORGE LINKLETTER, Appellant.— Appeal from a judgment of the Supreme Court on the verdict of a jury, entered in Sullivan county on April 1, 1938, and from an order denying a motion for a new trial. The defendant was an employee of the State and was driving a highway truck from which cinders were being scattered on the surface of the highway to overcome the slippery condition at curves and on hills, caused by snow and ice. The truck was proceeding slowly so as to permit the work to be accomplished by men using shovels. The plaintiff was a passenger in a pleasure car going in the same direction at a rate of speed of twenty-five to thirty miles an hour. The front end of the latter car collided with the rear end of the truck. The question before the trial court was whether the truck was provided with the rear lights and reflectors required by the statute. The evidence presented a question of fact, and was sufficient to warrant the verdict of the jury. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Application of THOMAS S. DEAL, Petitioner, for a Certiorari Order against EDWARD J. FLYNN, as Secretary of State, and Others, Respondents. — Review by certiorari of a determination made April 14, 1936, by Grace A. Reavy, Deputy Secretary of State and chief of the division of licenses, revoking the license of Thomas S. Deal as a real estate broker. The complainant was a lady of confiding nature, about seventy years of age. She complained to the Secretary of State that the said Thomas S. Deal by deceit, false representations and fraud, and by overreaching, induced her to turn over to him large sums of money and other property in connection with the sale and exchange of various parcels of real estate alleged to be located at Muscle Shoals in the State of Alabama, which the complainant never saw and of which she had no information apart from statements by the said Deal and his associates; that the said statements and promises made by said Deal were believed and relied upon by said complainant, and acted on by her; and that she was thus induced by him to turn over to him and suffer the loss of her money; that the statements and representations of said Deal were at the time known by him to be false and fraudulent, and demonstrated his untrustworthiness and unfitness to possess a real estate broker's license. The record amply supports the determination of the Secretary of State. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.